IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

| | |
|---|---|
| GERRY W. FOWLER, | ) |
| Plaintiff, | ) No. 23-2095 |
| v. | ) Filed: July 2, 2025 |
| THE UNITED STATES, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Gerry W. Fowler, a former member of the United States Navy, seeks reconsideration of this Court's decision granting the Government's Motion to Dismiss for Lack of Jurisdiction. He contends that the Court made clear factual and legal errors and requests relief from the dismissal order to prevent manifest injustice. For the reasons stated below, the Court **DENIES** Mr. Fowler's Rule 59 Motion.

### I.  BACKGROUND

The Court detailed the factual background of Mr. Fowler's claim in its January 6, 2025, Opinion and Order granting the Government's Motion to Dismiss. *See* Op. & Order at 1–5, ECF No. 11. There, the Court held that Mr. Fowler's military disability retirement pay claim accrued when Mr. Fowler accepted the preliminary findings of his informal Physical Evaluation Board ("PEB") in 1991 and then separated from the Navy in 1992. *Id.* at 8. Because more than six years elapsed between 1992 and the start of this lawsuit, the Court determined that his claim was barred by the statute of limitations provided in 28 U.S.C. § 2501. *Id.* at 12.

On January 27, 2025, Mr. Fowler filed a motion under Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC") for reconsideration of the Court's Opinion and Order.

*See* Pl.'s R. 59 Mot. at 1, ECF No. 16.  In the Motion, Mr. Fowler contends that the Court made several factual and legal errors, and he requests, among other things, leave to amend his Complaint. *See id.* at 4, 8.  Specifically, Mr. Fowler argues that, as a factual matter, he never received a PEB and, as a matter of law, that the statute of limitations should be tolled for his claim due to his severe mental disability. *See id.* at 4–5.  He also reiterates previous arguments and makes new arguments about post-separation events resetting the statute of limitations. *See id.* at 7–8; *see* Pl.'s Reply in Supp. of R. 59 Mot. at 4–6, ECF No. 23.  On February 10, 2025, the Government filed its response to Mr. Fowler's Motion, arguing that Mr. Fowler failed to identify any factual or legal errors and that Mr. Fowler's request to file an amended complaint is futile. *See* Gov't's Resp. to Pl.'s R. 59 Mot. at 1, ECF No. 18.  In reply, Mr. Fowler provides further context on the purported factual and legal errors in the Court's Opinion and Order. *See* ECF No. 23.  The Motion is ready for decision.

## II.      LEGAL STANDARDS

### A.     Jurisdiction of the Court of Federal Claims

The United States Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000).  Pursuant to the Tucker Act, the Court's jurisdiction extends over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976).  For purposes of Mr. Fowler's claim, 10 U.S.C. § 1201 creates that right. *See Chambers v. United States*, 417 F.3d 1218, 1221 (Fed. Cir. 2005).

Like other claims filed in this Court, a claim for military disability retirement pay is subject

to the statute of limitations found in 28 U.S.C. § 2501: such a claim must be brought within six years of its accrual. *See id.* at 1223. The limitations period is jurisdictional and not subject to equitable tolling. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008); *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008). However, the statute contains an exception for a "person under legal disability . . . at the time the claim accrues" by allowing such person to file a claim "within three years after the disability ceases." 28 U.S.C. § 2501. To qualify, the legal disability must affect a claimant's ability to pursue a claim in a continuous manner. *See Capoeman v. United States*, 440 F.2d 1002, 1004 (Ct. Cl. 1971); *Goewey v. United States*, 612 F.2d 539, 543–45 (Ct. Cl. 1979).

    **B.**    **Standard of Review for Rule 59 Motion**

A motion to reconsider a decision dismissing claims asserted in a complaint is properly raised under RCFC 59. The Court may grant a motion for reconsideration if "there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Young v. United States*, 94 Fed. Cl. 671, 674 (2010) (noting that RCFC 59(a)(1) permits the Court to grant a reconsideration motion "for any reason for which a new trial has heretofore been granted in an action in federal court" or "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court").

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted). Such motions are "not intended . . . to give an unhappy litigant an additional chance to sway the court . . . [or to raise] an issue for the first time . . . when the issue was available to be litigated at the time the complaint was filed." *Matthews v. United States*, 73 Fed. Cl. 524, 525–26 (2006) (internal citations and quotation marks omitted). Rather, granting relief requires "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed.

Cir. 2004) (citation omitted).

## III. DISCUSSION

Mr. Fowler has not satisfied his burden to show any factual or legal errors in the Court's decision, nor has he established that granting him leave to file an amended complaint would cure the jurisdictional defect in his claim. Therefore, the Court must deny Mr. Fowler's motion for reconsideration.

### A. Plaintiff Has Not Shown that the Court Erred by Determining He Received an Informal PEB Review in 1991.

Accepting Mr. Fowler's allegations as true, the Court previously found that an informal PEB first decided on October 22, 1991, that Mr. Fowler was not physically qualified for service, and the Navy placed him in a non-pay status upon discharge in 1992. *See* ECF No. 11 at 2–3, 8. The Court held that the PEB was a "proper and competent tribunal" to make a disability determination, that Mr. Fowler accepted the informal PEB's preliminary findings, and that Mr. Fowler did not pursue reconsideration of those findings. *Id.* at 8 (citing *Fuller v. United States*, 14 Cl. Ct. 542, 544 (1988); *Jeun v. United States*, 128 Fed. Cl. 203, 213 (2016)). Accordingly, because the informal PEB finally considered and denied his claim for disability retirement pay, the six-year limitations period on his claim started upon his separation. *Id.* at 8–9 (citing *Jones v. United States*, 30 F.4th 1094, 1103 (Fed. Cir. 2022); *Colon v. United States*, 35 Fed. Cl. 515, 520 (1996)).

Mr. Fowler argues that the Opinion and Order contains factual errors because, he contends, he only received an evaluation from a Medical Examination Board and never received a PEB review. ECF No. 16 at 4. Nor, he argues, "was [he] made aware of the findings, or the ramifications of accepting (or initialing) [the PEB] documents." *Id.* The Government asserts that Mr. Fowler acknowledged in his Complaint the existence of the informal PEB findings he

4

received.  *See* ECF No. 18 at 4.  It further attaches a copy of the 1991 PEB decision to its opposition brief, demonstrating that Mr. Fowler did in fact receive a PEB review and subsequently accepted the PEB's preliminary findings in that year.  *Id.* at 14, 18–19.  The Government also argues that Mr. Fowler fails to connect the alleged factual error to any resulting manifest injustice.  *Id.* at 5.

A PEB is a "proper and competent tribunal" to determine a servicemember's disability, and its informal findings, once accepted, become a final decision sufficient to trigger the accrual of a military disability claim.  *See Smith v. United States*, 158 Fed. Cl. 520, 525 (2022).  As noted in the Court's Opinion and Order, Mr. Fowler's Complaint expressly alleged that he received an informal PEB evaluation and that the PEB's decision bears his initials accepting the preliminary findings.  ECF No. 11 at 2–3 (citing Pl.'s Compl. ¶¶ 16, 19, ECF No. 1).  In his Reply, Mr. Fowler also concedes that his handwriting and signature appears on the form accepting the PEB's preliminary findings.  *See* ECF No. 23 at 3.  The Court has no reason to doubt the allegations in Mr. Fowler's Complaint (which it accepted as true when resolving the motion to dismiss) or the accuracy of the Government's submitted PEB documentation.  The PEB's decision—which Mr. Fowler signed—establishes that the Court made no factual error in its Opinion and Order by determining that Mr. Fowler received an informal PEB review and accepted its findings in 1991.

Although Mr. Fowler argues that he was unaware of the significance of his choice to accept the PEB's preliminary findings, ignorance of one's legal rights is not grounds for suspending the accrual of a claim.  *See Goewey*, 612 F.3d at 544; *see also Menominee Tribe of Indians v. United States*, 726 F.2d 718, 720–21 (Fed. Cir. 1984) ("It is settled . . . that 28 U.S.C. § 2501 is not tolled by the [claimants'] ignorance of their legal rights.").  Regardless, even if Mr. Fowler's allegations were sufficient to show that his claim did not accrue upon his discharge in 1992, after the 1991 PEB review, the claim in any event accrued on August 31, 1995, when the Board for Correction

5

of Naval Records ("BCNR") issued a final decision denying his disability retirement claim. *See* ECF No. 11 at 9 n.5 (citing *Chambers*, 417 F.3d at 1224). Accordingly, no factual error underlies the Court's Opinion and Order with respect to Mr. Fowler's PEB decision, and even assuming such error, Mr. Fowler's suit is still barred by the statute of limitations.

    **B.    Plaintiff Fails to Show the Court Erred by Determining that He Filed His Claim Outside the Statute of Limitations.**

Mr. Fowler also argues that the Court made legal errors in concluding that his claim is time barred. *See* ECF No. 16 at 5. Mr. Fowler first contends that he "was and still is under a severe mental disability" and thus under the statutory exception has up to three years after the cessation of his disability to timely file a claim. *Id.*; *see also* 28 U.S.C. § 2501. Mr. Fowler further asserts, as he did in the Complaint and response to the Government's dismissal request, that his claim is within the statute of limitations because "the first indication" that relief could be pursued in federal court came in a 2018 letter sent from his congressman. ECF No. 16 at 7. Finally, he argues for the first time in this litigation that the BCNR sought new evidence and/or refused to consider new evidence after its initial 1995 decision, thus giving new finality to its decisions denying reconsideration. *Id.*; *see* ECF No. 23 at 5–6. Each argument fails.

Mr. Fowler has not shown that his mental health condition qualifies as a legal disability for purposes of extending the statute of limitations for filing a claim in this Court. To qualify under the exception, Mr. Fowler must show that his "particular variety of mental incompetence . . . prevent[ed] his comprehension of his legal rights to military disability retirement pay, the necessity of prosecuting them by timely suit, and/or cause[d] him to deliberately forego the filing of a timely suit to vindicate his rights." *Goewey*, 612 F.2d at 545. Individuals can have active disabilities that cause certain limitations yet do not qualify as legal disabilities under § 2501. "Logically, one would look for a 'disability' that impaired [a plaintiff's] access to the Court of Claims in some

6

manner." *Capoeman*, 440 F.2d at 1004.  Because courts presume a claimant's competency, there is a high burden on Mr. Fowler to prove that his condition was so "acute and extreme" as to qualify as a "legal disability," making him "incapable of caring for his property, of transacting business, of understanding the nature and effect of his acts, and of comprehending his legal rights and liabilities." *Ware v. United States*, 57 Fed. Cl. 782, 788 (2003) (quoting *Goewey*, 612 F.2d at 544).

Although the record reflects that Mr. Fowler's schizophrenia diagnosis impairs his ability to perform certain tasks, Mr. Fowler has not shown that it prevented him from pursuing relief for his claim continuously, and thus his condition does not meet the standard to invoke the § 2501 exception.  He cannot do so because, with the assistance of legal counsel and/or his son, he has actively advocated for himself to seek disability retirement pay based on his schizophrenia diagnosis.  *See* ECF No. 11 at 2–3.  As he admits, there is "no question from the record that [Mr. Fowler] has petitioned the BNCR multiple times to correct his records." ECF No. 16 at 6; *see also* ECF No. 1 ¶¶ 22 (alleging he first sought relief in 1995, followed by reconsideration requests in 2001, 2002, 2004, 2010, and 2016).  Each attempt was rejected by the BCNR.  ECF No. 11 at 3.  As the Government correctly argues, *see* ECF No. 18 at 6, even if Mr. Fowler was under a legal disability when the PEB issued its decision in 1991, Mr. Fowler's numerous petitions in the years following indicate that he could act, and did act, in defense of his legal rights such that the statute of limitations should not be extended.

Likewise, the 2018 letter Mr. Fowler received from Congressman Scott Taylor indicating that Mr. Fowler might be able to pursue legal action in federal court provides no reason for reconsideration.  *See* ECF No. 16 at 7.  The Court already considered and rejected Mr. Fowler's accrual argument based on this letter.  *See* ECF No. 11 at 9–10; *see also Matthews*, 73 Fed. Cl. at 525.  In that opinion it held that Mr. Fowler's disability retirement pay claim accrued when the

PEB made its disability determination and Mr. Fowler subsequently separated from the Navy. *See* ECF No. 11 at 8; *see also Davila v. United States*, No. 21-2209, 2022 WL 2827478, at *4 (Fed. Cl. July 20, 2022) (citing *Van Allen v. United States*, 70 Fed. Cl. 57, 63 (2006)) (accrual occurs when the first competent board denies relief for a disability claim). A letter from a congressional representative providing information about additional legal avenues for relief from that determination does not affect this Court's claim-accrual analysis. *See* ECF No. 11 at 9–10. Although the congressman may have been well intentioned in his effort to provide resources to his constituent, the letter does not serve as an independent basis to restart the statute of limitations. *See Japanese War Notes Claimants Ass'n of the Philippines, Inc. v. United States*, 373 F.2d 356, 359 (Ct. Cl. 1967) ("Ignorance of rights which should be known is not enough."). As the Court's Opinion and Order held, Mr. Fowler does not allege that the events giving rise to his claim were "intentionally concealed" by the Navy or "inherently unknowable." ECF No. 11 at 11; *see also Japanese War Notes*, 373 F.2d at 359.

Finally, even assuming the Court considers Mr. Fowler's new argument raised for the first time on reconsideration, *see Matthews*, 73 Fed. Cl. at 526, whether the BCNR sought new evidence and/or failed to consider new evidence in its decisions denying reconsideration does not change the conclusion that Mr. Fowler's suit in this Court is untimely. *See* ECF No. 16 at 7; ECF No. 23 at 4–6 (discussing a 1997 medical examination of Mr. Fowler that noted his mental health problems began while he was in active reserve service and a 2001 Veterans Administration decision granting Mr. Fowler service-connected disability benefits). As the Government correctly argues, "the denial of permissive relief or a subsequent adverse decision of the correction board does not create a separate action with a new period of limitations." ECF No. 18 at 9 (citing *Martinez v. United States*, 333 F.3d 1295, 1311–12 (Fed. Cir. 2003)). Indeed, a subsequent request to the Board for

reconsideration will deprive the original adverse decision of finality and reset the statute of limitations only if the request (1) presents new evidence or changed circumstances, and (2) is made in a reasonable amount of time. *See Smalls v. United States*, 298 F. App'x 994, 996 (Fed. Cir. 2008) (citing, *inter alia*, *Van Allen*, 236 F. App'x at 614–15 & n.2, and *Cooley v. United States*, 324 F.3d 1297, 1305 (Fed. Cir. 2003)).

The Court correctly held that Mr. Fowler's claim accrued upon his separation in 1992 (following the PEB's disability determination) and the deadline to file a claim was thus 1998. *See* ECF No. 11 at 9. The Court also held that the latest accrual could have occurred was upon the BCNR's initial decision denying relief in 1995, making a suit untimely if filed after 2001. *Id.* at 9 n.5. But even if the BCNR's 1997 or 2001 decisions cited in Mr. Fowler's Reply reset the statute of limitations because the Board was presented with new evidence, those decisions were made more than six years before Mr. Fowler filed this lawsuit, and thus the Court still does not have jurisdiction.

In the interest of finality, Congress provided that the statute of limitations allow only six years to file a claim in this Court. The Court must adhere to Congress's choice. *See Smith*, 158 Fed. Cl. at 528 ("As the [Court of Claims] explained, it is not 'unique in federal law to have an administrative remedy immune from judicial review if issued after the period expired. . . . [T]he requirement that the suit be 'filed within six years after such claim first accrues' . . . 'must be strictly observed.'" (quoting *Friedman v. United States*, 310 F.2d 381, 398 (Ct. Cl. 1962); *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983))). Based on the allegations asserted in Mr. Fowler's Complaint, the Court properly found that his claim is time-barred. The alleged legal errors Mr. Fowler identifies in his Motion fail to demonstrate that reconsideration is warranted.

### C. Plaintiff's Request for Leave to Amend His Complaint and for Other Relief Are Futile.

As relief from the Court's Opinion and Order, Mr. Fowler requests a remand to the BCNR to review inconsistencies in his military record, an opportunity to conduct discovery, and leave to file an amended complaint after obtaining new legal counsel.[1] *See* ECF No. 16 at 8; ECF No. 23 at 2. The relief requested, however, would not change the conclusion that the Court lacks jurisdiction over Mr. Fowler's claim.

Although it is sympathetic to Mr. Fowler's mental health condition and his difficulties navigating the disability evaluation system, the Court, as explained above, does not possess jurisdiction over his claim. Because a competent tribunal made a disability determination in his case decades ago, neither amendment of the pleadings nor further discovery would provide a basis for Mr. Fowler to succeed in overcoming the six-year statute of limitations. As such, granting Mr. Fowler's requested relief would be futile. *See Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016) ("A proposed amendment is futile if it would not survive a motion to dismiss.").

### IV. CONCLUSION

For the foregoing reasons, Mr. Fowler's Rule 59 Motion (ECF No. 16) is **DENIED**.

**SO ORDERED.**

Dated: July 2, 2025                              */s/ Kathryn C. Davis*
                                                 KATHRYN C. DAVIS
                                                 Judge

---

[1] Mr. Fowler is, of course, within his rights to hire new counsel at any time and does not require permission from the Court to do so.