## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### NOT FOR PUBLICATION

| | | |
|---|---|---|
| GERRY W. FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-2095 |
| | ) | |
| v. | ) | Filed: November 18, 2025 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Gerry W. Fowler, a former member of the United States Navy, asks this Court to vacate its judgment dismissing this case for lack of jurisdiction. Mr. Fowler contends that the Government improperly concealed a 1997 reclassification evaluation ("1997 evaluation") and thus prevented him from fully and fairly litigating his military pay claim. For the reasons stated below, the Court **DENIES** Mr. Fowler's Motion to Vacate the Final Judgment under Rule 60(b)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

## I. BACKGROUND

The Court assumes the reader's familiarity with the factual background of this case as detailed in the Court's January 6, 2025 Opinion and Order granting the Government's Motion to Dismiss. *See* Op. and Order Dismissing Case at 1–5, ECF No. 11. There, the Court held that Mr. Fowler's claim for military disability retirement pay accrued in 1992, when Mr. Fowler separated from the Navy after accepting the preliminary findings of his informal Physical Evaluation Board ("PEB"). *Id.* at 8. Because more than six years elapsed between 1992 and the initiation of his lawsuit on December 8, 2023, the Court determined that Mr. Fowler's claim was barred by the statute of limitations provided in 28 U.S.C. § 2501. *Id.* at 7.

On January 27, 2025, Mr. Fowler filed a Motion for Reconsideration under RCFC 59.  *See* Pl.'s Rule 59 Mot. at 1, ECF No. 16.[1]  In his motion, Mr. Fowler argued that the Court made several factual and legal errors and requested leave to amend his Complaint.  *See id.* at 4, 8.  Mr. Fowler also reiterated previous arguments and made new arguments about post-separation events that, in his view, should have reset the statute of limitations.  *See id.* at 7–8; Pl.'s Reply in Supp. of Rule 59 Mot. at 3–6, ECF No. 23.  One such argument was based on the 1997 evaluation, which Mr. Fowler attached to his reply brief.  *See* ECF No. 23 at 3–5, 16–19.  On February 10, 2025, the Government filed its response to Mr. Fowler's motion, arguing that Mr. Fowler failed to identify any factual or legal errors and that Mr. Fowler's request to file an amended pleading was futile.  *See* Gov't's Resp. to Pl.'s Rule 59 Mot. at 1, 10, ECF No. 18.  The Court denied Mr. Fowler's Motion for Reconsideration on July 2, 2025, finding that he failed to satisfy his burden to show factual or legal errors in the Court's decision and that any amendment of the Complaint would be futile because Mr. Fowler's claim was still time barred even considering his new allegations.  Mem. Op. and Order Den. Mot. for Recons. at 4, ECF No. 24.  In particular, the Court stated: "[E]ven if the [Board for Correction of Naval Records' ("BCNR")] 1997 or 2001 decisions cited in Mr. Fowler's Reply reset the statute of limitations because the Board was presented with new evidence, [*i.e.*, the 1997 evaluation], those decisions were made more than six years before Mr. Fowler filed this lawsuit, and thus the Court still does not have jurisdiction."  *Id.* at 9.

Subsequently, on August 27, 2025, Mr. Fowler filed a Motion to Vacate the Final Judgment, citing the Government's alleged concealment of the 1997 evaluation.  Pl.'s Mot. to

---

[1] Mr. Fowler's Motion for Reconsideration, Reply to the Motion for Reconsideration, and Motion to Vacate were filed under seal to protect personally identifiable information ("PII") contained therein.  Because this opinion does not disclose PII, the Court has determined that the information quoted or referred to from Mr. Fowler's briefs and attached exhibits may be publicly disclosed.

Vacate Final J. at 2, ECF No. 27.  Mr. Fowler obtained the 1997 evaluation in February 2025 through a Freedom of Information Act ("FOIA") request.  *See id.* at 2.  The 1997 evaluation contains the findings of a doctor from the Department of Veterans Affairs ("VA") who examined Mr. Fowler on August 14, 1997, for purposes of a Board of Veterans' Appeals remand, *see id.* at 15, to determine whether Mr. Fowler's "mental condition was aggravated and progressed during and because of his inactive status," *id.* at 16.  According to Mr. Fowler, the report of this evaluation could have helped him overcome the six-year statute of limitations, which served as the basis for the Court's dismissal of his claim.  *See id.* at 4.  Mr. Fowler contends that the Government's alleged concealment of this evidence constitutes "classic extrinsic fraud warranting vacatur under Rule 60(b)(3)."  *Id.* at 5 (citing *Assmann v. Fleming*, 159 F.2d 332, 334 (8th Cir. 1947)).  In addition to the allegedly concealed evaluation, Mr. Fowler offers as proof of extrinsic fraud the Government's purported misapplication of Department of Defense Instruction ("DoDI") 1332.18, which sets forth requirements for line of duty determinations.[2]  *Id.* at 3; *see id.* at 8 (arguing "Defendant consistently misrepresented . . . [DoDI 1332.18]").  Mr. Fowler argues that these instances of extrinsic fraud "deprived [him] of a full and fair opportunity to litigate timeliness and entitlement," and thus are sufficient grounds for relief from judgment under Rule 60(b)(3).  *Id.*

The Government filed its opposition to Mr. Fowler's Motion to Vacate on September 9, 2025.  Gov't's Resp. in Opp'n to Pl.'s Mot. to Vacate, ECF No. 28.  The Government argues that Mr. Fowler has "failed to demonstrate by clear and convincing evidence that any fraud or misconduct took place during the litigation that prevented him from receiving a fair hearing."  *Id.*

---

[2] Mr. Fowler attaches as an exhibit to his motion Section 7.6 of DoDI 1332.18, which establishes the requirements for determining that a disability was incurred in the line of duty, and a portion of Section 7.7, which includes the evidentiary standards for determining compensability of unfitting conditions.  *See* ECF No. 27 at 24–27.

at 1.  Specifically, the Government argues that the 1997 evaluation "does not in any way impact the accrual of [Mr. Fowler's] claim" and that he fails to "alleg[e] any fraud in the course of this present litigation, but rather [] is attempting to re-litigate the merits of his case."  *Id.* at 2.

Mr. Fowler filed his reply on September 12, 2025, contesting the Government's position that "Rule 60(b)(3) applies only to misconduct <u>during</u> this litigation," and reiterating his argument that the concealment of the 1997 evaluation constitutes extrinsic fraud that suspends accrual of the statute of limitations.  Pl.'s Reply to Def.'s Rule 60(b)(3) Resp. at 2, ECF No. 29 (emphasis in original).  The motion is now ripe for decision.

## II.    LEGAL STANDARDS

### A.    Jurisdiction of the Court of Federal Claims

The Court of Federal Claims is a court of limited jurisdiction.  *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000).  Pursuant to the Tucker Act, the Court's jurisdiction extends over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."  *United States v. Testan*, 424 U.S. 392, 398 (1976).  Thus, to establish jurisdiction, a plaintiff must identify a separate source of law that "can fairly be interpreted as mandating compensation by the Federal Government."  *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (quoting *Testan*, 424 U.S. at 400).  Here, the Court has jurisdiction under 10 U.S.C. § 1201, which governs disability payments to retired servicemembers.  *See Chambers v. United States*, 417 F.3d 1218, 1223 (Fed. Cir. 2005) (finding that 10 U.S.C. § 1201 is a money-mandating statute).

4

Like all claims filed in this Court, a claim for military disability retirement pay is subject to the statute of limitations found in 28 U.S.C. § 2501.  As such, the claim must be brought within six years of its accrual.  28 U.S.C. § 2501; *Chambers*, 417 F.3d at 1223.  The limitations period is jurisdictional and not subject to equitable tolling.  *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34 (2008); *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008).

The United States Court of Appeals for the Federal Circuit has recognized that certain circumstances can suspend accrual of a claim under § 2501.  *See Holmes v. United States*, 657 F.3d 1303, 1317 (Fed. Cir. 2011).  The applicability of the accrual suspension rule is "distinct from the question whether equitable tolling is available under [§ 2501]."  *Martinez v. United States*, 333 F.3d 1295, 1319 (Fed. Cir. 2003).  Under the accrual suspension rule, "the accrual of a claim against the United States will in some situations be suspended when an accrual date has been ascertained, but the plaintiff does not know of the claim."  *Ingrum v. United States*, 560 F.3d 1311, 1314 (Fed. Cir. 2009).  To successfully invoke the accrual suspension rule, the plaintiff "must either show that the defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable' at the accrual date."  *Holmes*, 657 F.3d at 1317 (quoting *Young*, 529 F.3d at 1384).  Accordingly, the focus is on the "existence of [the] injury and the acts giving rise to [the] claim," not on the later revelation of evidence that "provided [the plaintiff] with additional ammunition with which to pursue the claim."  *Martinez*, 333 F.3d at 1319.

**B.    Standard of Review for Rule 60(b)(3) Motion**

Pursuant to Rule 60(b)(3), a party may ask the Court for relief "from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  RCFC 60(b)(3).  "To succeed on a motion under RCFC 60(b)(3), the 'movant must demonstrate fraud, misrepresentation, or

5

misconduct by clear and convincing evidence.'" *Wagstaff v. United States*, 118 Fed. Cl. 172, 176 (2014) (quoting *Madison Servs., Inc. v. United States*, 94 Fed. Cl. 501, 507 (2010)), *aff'd*, 595 F. App'x 975 (Fed. Cir. 2014).   Accordingly, "unsubstantiated innuendo and uncorroborated inferences" are not enough.   *Madison Servs.*, 94 Fed. Cl. at 507.   In addition, the fraud, misrepresentation, or misconduct must have "prevented the movant from receiving a fair hearing or trial." *Griffin v. United States*, 96 Fed. Cl. 1, 9 (2010) (quoting *Madison Servs.*, 94 Fed. Cl. at 507).   A Rule 60(b)(3) "motion for relief is . . . 'entrusted to the discretion of the [c]ourt'" and "may be granted only in extraordinary circumstances." *Wagstaff*, 118 Fed. Cl. at 175 (quoting *TDM Am., LLC v. United States*, 100 Fed. Cl. 485, 490 (2011)).   To obtain relief, the movant "must provide a sufficient 'reason to believe that vacating the judgment will not be an empty exercise or a futile gesture.'" *Dobyns v. United States*, 915 F.3d 733, 738 (Fed. Cir. 2019) (quoting *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995)).

### III.   DISCUSSION

Mr. Fowler's Motion to Vacate fails to provide a valid basis to disturb the Court's judgment dismissing his case.   Firstly, Mr. Fowler does not demonstrate by clear and convincing evidence that the Government's failure to disclose the 1997 evaluation to Mr. Fowler prior to his February 2025 FOIA request constitutes fraud, misrepresentation, or misconduct or that he was deprived of a fair opportunity to oppose dismissal.   And secondly, vacating the Court's judgment would be a futile gesture because the accrual suspension rule fails to overcome the bar imposed by the statute of limitations, even considering any new evidence contained in the 1997 evaluation.

Though the Court remains sympathetic to Mr. Fowler's mental health condition and his difficulties navigating the disability evaluation system, it is required to "strictly observe[]" Congress' decision to impose a statute of limitations.   *Smith v. United States*, 158 Fed. Cl. 520,

528 (2022) (quoting *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983)).  In dismissing Mr. Fowler's case, the Court adhered to this obligation.

A.    **Mr. Fowler Fails to Present Any Evidence of Fraud or Concealment, Or Denial of a Fair Hearing.**

Mr. Fowler argues that vacatur of judgment is proper because the Government fraudulently concealed the 1997 evaluation.  ECF No. 27 at 5.  This claim fails because Mr. Fowler does not demonstrate by clear and convincing evidence that the Government engaged in fraud, misrepresentation, or misconduct.  Fraud under Rule 60(b)(3), as informed by the general definition of the term, "is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment."  *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 456 (6th Cir. 2008) (citing Black's Law Dictionary 685 (8th ed. 2004)).[3]  Here, Mr. Fowler provides no evidence that the Government had a duty to *sua sponte* disclose the 1997 evaluation to him.  *See, e.g.*, ECF No. 27 at 2 (arguing the Government improperly "concealed" the 1997 evaluation without citing to a duty to disclose).  Nor does he provide evidence that the Government refused to disclose the 1997 evaluation, or denied its existence, in response to any disclosure request of Mr. Fowler.  Accordingly, Mr. Fowler has not established fraud or concealment by clear and convincing evidence.  *See Info-Hold*, 538 F.3d at 456; *see also Madison Servs.*, 94 Fed. Cl. at 507 (a motion to vacate requires more than "unsubstantiated innuendo and uncorroborated inferences").

Additionally, as the Government correctly argues, a Rule 60(b)(3) motion is focused on

---

[3] Because Rule 60(b) of the RCFC and Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP") are largely identical, this Court looks to case law on FRCP 60(b) to interpret RCFC 60(b).  *Curtis v. United States*, 61 Fed. Cl. 511, 512 n.2 (2004) (citing *Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 794–95 & 794 n.3 (Fed. Cir. 1993)).

fraud that prevented full and fair litigation in the case at hand.[4]  *See Madison Servs.*, 94 Fed. Cl. at 507; *c.f. Carlisle v. United States*, 66 Fed. Cl. 627, 629–30 (2005) (finding that "misrepresentation" related to an Army Board for Correction of Military Records decision does not provide proper grounds for relief in the Court of Federal Claims under Rule 60(b)(3)).  As noted above, the Court dismissed Mr. Fowler's claim pursuant to the limitations period included in 28 U.S.C. § 2501 after full briefing on the Government's Motion to Dismiss.  Therefore, Mr. Fowler must demonstrate that any alleged fraud or concealment by the Government prevented him from fully and fairly litigating the statute of limitations issue in this case.  He cannot do so.

The Court already addressed the impact (or lack of impact) of the 1997 evaluation on the statute of limitations in its Order and Opinion denying Plaintiff's Motion for Reconsideration.  Mr. Fowler's reply brief attached a copy of the evaluation, which he apparently received days earlier in response to his FOIA request.  *See* ECF No. 23 at 15–19.  In its decision, the Court held that even if the BCNR's review of the 1997 evaluation reset the Court's statute of limitations, it does not change the conclusion that Mr. Fowler's claim in this Court is time barred.  *See* ECF No. 24 at 9.  As a result, Mr. Fowler fails to show that any fraud or concealment on the part of the Government (which he has not shown) "materially affected [his] ability to present the case."  ECF No. 29 at 5 (quoting *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 924 (1st Cir. 1988)).

To the extent Mr. Fowler argues that the Government fraudulently misrepresented DoDI

---

[4] In his reply, Mr. Fowler says the Government is "incorrect" to contend that "Rule 60(b)(3) applies only to misconduct <u>during</u> this litigation."  ECF No. 29 at 2 (emphasis in original).  As support, Mr. Fowler cites *United States v. Throckmorton*, 98 U.S. 61, 65–66 (1878), *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245–46 (1944), and *Griffin v. United States*, 96 Fed. Cl. 1, 9 (2010).  These opinions, however, merely support Mr. Fowler's argument that extrinsic fraud can constitute a basis for granting relief from judgment.  They say nothing to contravene the conclusion that the Rule 60(b)(3) standard focuses on extrinsic fraud in the proceedings before the court in which the motion is filed, rather than any separate proceedings (like the earlier BCNR proceedings in the instant case).

1332.18, *see* ECF No. 27 at 8, this Court again finds that he has failed to meet his burden of proof. Nowhere in his motion does Mr. Fowler present evidence that the Government misrepresented DoDI 1332.18 in this litigation, nor does he present evidence that any such misrepresentation prevented a full and fair hearing on the separate statute of limitations issue raised in the Government's dismissal motion. Rather, it appears that Mr. Fowler's true complaint is with the BCNR's application of DoDI 1332.18 when reviewing his claim for entitlement to disability retirement. *See id.* at 3. But such objection presents a merits argument challenging the underlying BCNR decisions; it does not constitute a basis for vacating the Court's judgment dismissing this case for lack of jurisdiction.

Indeed, much of Mr. Fowler's merits-based argument appears to revolve around his disagreement with the BCNR's refusal to grant him disability retirement and his belief that the 1997 evaluation demonstrates the impropriety of this refusal. *See, e.g.*, *id.* at 2 ("Had the Board disclosed [the 1997 evaluation], Plaintiff could have asserted then (as he is asserting now) that the 1997 document counts as 'new and material evidence.'"); *id.* at 3 (arguing that the 1997 evaluation "shows that the Board constantly misapplied Department of Defense Directives in its decision-making"); *id.* at 9 ("Had the BCNR . . . disclosed [the 1997 evaluation] . . . Plaintiff would (or should) have received his retirement . . . ."); ECF No. 29 at 6 ("The 1997 VA report—explicitly linking Plaintiff's mental health conditions to service—was exactly the kind of material evidence that could have changed the course of proceedings had it been disclosed timely."). But whether the 1997 evaluation would have allowed Mr. Fowler to assert additional arguments or evidence to the BCNR in support of his record correction request is not the question before the Court for purposes of evaluating Mr. Fowler's Rule 60(b)(3) Motion. And because the Court lacks jurisdiction by operation of the statute of limitations, this Court is unable to rule on such merits-

related issues.

**B.    The 1997 Evaluation Does Not Help Mr. Fowler Overcome the Statute of Limitations.**

Aside from the Rule 60(b)(3) standard, Mr. Fowler appears to claim that the Government's fraudulent concealment of the 1997 evaluation triggers the accrual suspension rule, thus obviating the basis for the Court's dismissal of his claim. *See* ECF No. 29 at 4 ("[W]here fraud conceals the very evidence needed to pursue a claim, accrual is tolled until discovery."); *id.* ("Fraudulent concealment of a cause of action tolls the running of the statute until the party injured discovers the fraud or by reasonable diligence could have discovered it." (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946))). According to Mr. Fowler, had he known about the 1997 evaluation at the time he filed this action, he could have used it to "overcome the six-year limitation rule back then." ECF No. 27 at 2–4. This argument is unavailing.

Even assuming Mr. Fowler was not aware of the contents of the 1997 evaluation until he obtained the evaluation via his FOIA request, that does not mean Mr. Fowler lacked knowledge that he had a military disability retirement claim against the Government. Rather, he would have simply been unaware of evidence he could have used to bolster his claim. This is not a sufficient basis upon which to invoke the accrual suspension rule. *See Martinez*, 333 F.3d at 1319 (denying a motion to vacate because "[n]othing about [the new evidence] disclosed the existence of a claim of which [the plaintiff] was previously unaware"). Because the evaluation merely serves to potentially strengthen Mr. Fowler's claim to disability retirement pay, not reveal its existence altogether, the accrual suspension rule is inapplicable.

This Court previously addressed the applicability of the accrual suspension rule in its Opinion and Order dismissing Mr. Fowler's case. *See* ECF No. 11 at 11–12. As the Court noted, "Mr. Fowler does not allege that he was unaware of his schizophrenia diagnosis or that his

10

condition was inherently unknowable." *Id.* at 11.  Indeed, Mr. Fowler's own Complaint details his schizophrenia diagnosis and treatment, which were also specifically addressed by the PEB's 1991 findings and the 1995 BCNR decision.  *Id.*  The 1997 evaluation report does nothing to change this analysis.  Instead, it remains true that "there is sufficient evidence to show that Mr. Fowler was aware of his ability to pursue a claim for disability retirement pay in this Court as far back as 1992 (or at the latest 1995), and the accrual suspension rule therefore does not apply." *Id.* at 12.

Mr. Fowler argues that he originally did not know of and did not assert the argument that he was entitled to disability retirement pay because his disability was incurred during his military service.  *See* ECF No. 29 at 5 ("Plaintiff did not know and has never asserted *Service Incurrence*, but because of [the 1997 evaluation] and what was contained within, now Plaintiff is asserting Service Connection *and/or* Service Incurrence . . . ." (emphasis in original)).  Even so, arguing that the 1997 evaluation supports the contention that his disability was service incurred does not provide Mr. Fowler with a new claim.  The most it can do is provide further evidence to support a required element of Mr. Fowler's pre-existing claim.  Under 10 U.S.C. § 1201(b):

> A service member is entitled to medical retirement and periodic disability pay if his disability (1) "is of a permanent nature and stable," (2) "is not the result of [his] intentional misconduct or willful neglect, and was not incurred during a period of unauthorized absence," and, for those with fewer than 20 years of service, (3) "is at least 30 percent" and either was "not noted" when the member entered active duty, is the "proximate result of performing active duty," or was "incurred in the line of duty."

*Mazarji v. United States*, 164 Fed. Cl. 298, 303 (2023) (quoting 10 U.S.C. § 1201(b)).  Mr. Fowler's affidavit also appears to recognize this distinction: "If Plaintiff had known this information existed, or was provided with this information, then the Plaintiff could have *better asserted his claims* for a change in disability status . . . ."  ECF No. 27 at 35 (emphasis added).  Although the Court understands Mr. Fowler's frustration that he could not "better assert[] his

claims," *id.*, in the earlier proceedings before the BCNR, it is not a sufficient basis upon which to invoke the accrual suspension rule.

As a result, even if the Court found that the Government fraudulently concealed the 1997 evaluation, such fraud does not provide a basis for relief under Rule 60(b)(3). *See Williams v. United States*, No. 24-996C, 2024 WL 5103186, at *2 (Fed. Cl. Dec. 13, 2024) (holding a court must decline to grant relief from judgment where "the substantive allegations in [the plaintiff's] complaint . . . are outside this Court's jurisdiction"); *Orient Overseas Container Line (UK) Ltd. v. United States*, 52 Fed. Cl. 805, 810 (2002) (holding that if the plaintiff "does not state a meritorious cause of action, court action is futile"). Because the 1997 evaluation fails to help Mr. Fowler overcome the jurisdictional bar imposed by the six-year statute of limitations, granting Mr. Fowler's Motion to Vacate would be futile.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Fowler's Rule 60(b)(3) Motion (ECF No. 27) is **DENIED**.

**SO ORDERED.**


Dated: November 18, 2025                              */s/ Kathryn C. Davis*
                                                     KATHRYN C. DAVIS
                                                     Judge